## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| THOMAS V. MONTGOMERY, III,<br>Appellant, | DOCKET NUMBER<br>DC-3330-14-0993-P-1 |
| v. | |
| DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES,<br>Agency. | DATE: September 20, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Thomas V. Montgomery III, Centreville, Virginia, pro se.

Kathleen Mee, Esquire, Washington, D.C., for the agency.

Michelle R. King, Esquire, Bethesda, Maryland, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

¶1      The appellant has petitioned for review of the July 1, 2016 initial decision, which dismissed this motion for compensatory damages for lack of jurisdiction. Compensatory Damages File, Tab 23; Petition for Review (PFR) File, Tab 1. For the reasons set forth below, we DISMISS the petition for review as settled.

¶2      After the filing of the petition for review, the parties submitted a document entitled "SETTLEMENT AGREEMENT" signed and dated by the appellant on July 26, 2016, and by the agency on July 29, 2016. PFR File, Tab 7. The document provides, among other things, for the withdrawal of the petition for review. *Id*. at 5.

¶3      Before dismissing a matter as settled, the Board must decide whether the parties have entered into a settlement agreement, understand its terms, and intend to have the agreement entered into the record for enforcement by the Board. *See Mahoney v. U.S. Postal Service*, 37 M.S.P.R. 146, 149 (1988). We find here that the parties have, in fact, entered into a settlement agreement, that they understand the terms, and that they agree that the agreement will not be entered into the record for enforcement by the Board. PFR File, Tab 7.[2]

        Accordingly, we find that dismissal of the petition for review "with prejudice to refiling" (i.e., the parties normally may not refile this appeal) is appropriate under these circumstances.

¶4      This is the final order of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

---

[2] The administrative judge dismissed the underlying appeal based on the identical settlement agreement and entered the agreement into the record for enforcement purposes. *Montgomery v. Department of Health and Human Services*, MSPB Docket No. DC-3330-14-0993-B-1, Initial Decision (Aug. 10, 2016).

**NOTICE TO THE APPELLANT REGARDING**
**YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                 _____
                                          Jennifer Everling
                                          Acting Clerk of the Board

Washington, D.C.